```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
WESTCHESTER FIRE INSURANCE COMPANY,

                    Plaintiff,         MEMORANDUM & ORDER
                                       14-CV-5747(JS)(AKT)
         -against-

ANNEX GENERAL CONTRACTING, INC. and
STEVEN J. SAGGESE,

                    Defendant.
-------------------------------------X
APPEARANCES:
For Plaintiff:      Richard B. Demas, Esq.
                    Susanna Requets, Esq.
                    Gottesman, Wolgel, Flynn,
                    Weinberg & Lee, P.C.
                    11 Hanover Square, 4th Floor
                    New York, NY 10005

For Defendants:
Steven J. Saggese   Steven J. Saggese, pro se
                    3856 Nansemond Parkway
                    Suffolk, VA 23435

Annex General
Contracting, Inc.   Annex General Contracting, Inc., pro se
                    3856 Nansemond Parkway
                    Suffolk, VA 23435
```

SEYBERT, District Judge:

Pending before the Court is Plaintiff Westchester Fire Insurance Company's ("Plaintiff") letter motion seeking reconsideration of the Court's Electronic Order dated October 17, 2016. (Pl.'s Ltr. Mot., Docket Entry 52.) For the following reasons, Plaintiff's motion is DENIED.

On December 15, 2015, Plaintiff filed a motion for summary judgment against Defendant Steven Saggese and for entry of

a default judgment against Defendant Annex General Contracting, Inc. seeking damages for breach of an indemnity agreement along with reimbursement of certain expenses and attorneys' fees. (Pl.'s Mot., Docket Entry 35.)  On February 19, 2016, the undersigned referred the motion to Magistrate Judge A. Kathleen Tomlinson for a Report and Recommendation ("R&R") on whether the motion should be granted.  (Referral Order, Docket Entry 41.)  On July 15, 2016, Judge Tomlinson issued her R&R, recommending that this Court grant Plaintiff's motion.  (R&R, Docket Entry 44, at 44.)  In addition, Judge Tomlinson found that Plaintiff was entitled to attorneys' fees under the terms of the indemnity agreement but failed to provide sufficient documentation to support an award of fees. (R&R at 41-43.)  This Court adopted Judge Tomlinson's R&R. (August 15, 2016 Order, Docket Entry 47, at 3.)

On August 24, 2016, Plaintiff filed a motion for attorneys' fees which included a notice of motion, an affidavit, and time records.  (Pl.'s Mot., Docket Entry 50.)  In an October 17, 2016 Electronic Order, this Court dismissed Plaintiff's motion without prejudice based on the failure to submit a supporting memorandum of law pursuant to Local Civil Rule 7.1.  Plaintiff filed a letter motion for reconsideration on October 18, 2016. (See Pl.'s Ltr. Mot.)

Plaintiff argues that it filed a memorandum of law in connection with its motion for summary judgment and, as such, an

additional memorandum of law is unnecessary.  (Pl.'s Ltr. Mot. at 2.)  However, this Court's prior Order denied Plaintiff's request for attorneys' fees without prejudice and invited Plaintiff to file "<u>an additional motion</u> requesting attorneys' fees."  (August 15, 2016 Order at 3-4 (emphasis supplied).)  Local Civil Rule 7.1 provides that with the exception of letter motions, "all motions shall include . . . a memorandum of law setting forth cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined[.]"  Local Civil Rule 7.1(a)(2).  Therefore, Plaintiff's motion for attorneys' fees is deficient.  <u>See</u> <u>Cardoza v. Mango King Farmers Market Corp.</u>, No. 14-CV-3314, 2015 WL 5561033, at *2 n.4 (E.D.N.Y. Sept. 1, 2015), <u>report and recommendation adopted</u>, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015) ("It should be noted that Plaintiffs have failed to submit a memorandum of law, as required by Local Civil Rule 7.1(a)(2).  In such circumstances, the Court may deny the motion, though it is not required to do so.").

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

For the foregoing reasons, Plaintiff's letter motion for reconsideration (Docket Entry 52) is DENIED. Plaintiff is directed to serve a copy of this Order on Defendants by first-class mail and file proof of service on ECF.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: November __2__, 2016
       Central Islip, New York

4